UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD A. JAZLOWIECKI, | |
| Plaintiff, | Case No.: 3:19-cv-01327-WWE |
| v. | |
| EQUIFAX INC., | |
| Defendant. | SEPTEMBER 4, 2019 |

### DEFENDANT EQUIFAX INC.'S MOTION FOR IMMEDIATE STAY OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant Equifax Inc. ("Equifax") moves this Court for an immediate stay or, in the alternative, for an extension of time to respond to Plaintiff's Complaint and would respectfully show the Court as follows.

This action concerns the data security incident that Equifax announced on September 7, 2017. Equifax respectfully requests that the Court stay all proceedings in this action pending a final determination by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this related action to the Northern District of Georgia for inclusion in the MDL proceeding, *In re Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800 ("*In re Equifax*"). Equifax has noticed this case to the JPML as a potential tag-along action (*see* Equifax's Notice of Potential Tag-Along Action ("Notice"), attached hereto as **Exhibit A**) and anticipates that the JPML will issue a conditional transfer order, indicating its initial view that the action is appropriate for transfer to the *In re*

*Equifax* MDL. For this reason and those that follow, a stay of proceedings is warranted pending a final transfer determination by the JPML. Alternatively, Equifax requests a 30-day extension of time to respond to the Complaint.

## PROCEDURAL HISTORY

On December 6, 2017, the JPML ordered 95 cases relating to the Equifax data security incident centralized in the Northern District of Georgia for consolidated or coordinated pretrial proceedings. *See* JPML's Transfer Order, attached hereto as **Exhibit B**. The JPML has since issued forty-seven Conditional Transfer Orders ("CTOs") transferring related actions to the MDL; CTO-47 issued as recently as August 27, 2019. *See* CTO-47, *In re Equifax, Inc.*, MDL No. 2800, Dkt. 1042 (J.P.M.L. Aug. 27, 2019), attached hereto as **Exhibit C**. Currently, hundreds of related actions are pending in the *In re Equifax* MDL, and Equifax continues to notice related actions to the JPML as potential tag-along actions for transfer.

Plaintiff filed his Complaint on July 22, 2019, in the Connecticut Superior Court, Hartford Judicial District, entitled *Edward A. Jazlowiecki v. Equifax Inc.* Equifax was served with Plaintiff's Complaint no earlier than July 30, 2019. On August 29, 2019, Equifax removed this case to the United States District Court for the District of Connecticut. *See* Dkt. 1. On August 30, 2019, Equifax filed a Notice of Potential Tag-Along Action requesting that the JPML transfer this case to the MDL transferee court. *See* Exhibit A; *see also generally* 28 U.S.C. § 1407. Equifax anticipates that the JPML will determine that this action is sufficiently related to

the *In re Equifax* MDL and issue a conditional transfer order transferring this case to that proceeding.

To conserve judicial resources and avoid prejudice to the parties, Equifax respectfully requests that the Court enter a brief stay of these proceedings until the JPML issues a final decision on whether this case should be transferred to the MDL.

## ARGUMENT

This Court "has discretionary power to stay proceedings in its own court." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). When deciding whether to grant a stay, the Court must exercise its judgment to "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55; *see also Ofosu v. McElroy*, 98 F.3d 694, 699 (2d Cir.1996) ("A request for a stay is an appeal to equity."); *Labrecque v. Johnson & Johnson*, No. 3:15-CV-1141 (RNC), 2015 WL 5824724, at *2 (D. Conn. Oct. 2, 2015) ("The Court has discretion to enter a stay pending a decision by the MDL Panel on the motion to transfer.") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990), and *Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 369-71 (S.D.N.Y. 2013)).

All relevant interests here weigh in favor of granting a stay. Plaintiff would not face prejudice if a stay is granted. *See Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, No. 05 Civ. 453(DGT), 2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005) ("[A]ny stay relative to the MDL Panel's decision will be relatively short in duration

and will not prejudice plaintiffs."); *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("A short stay [pending JPML action] will not prejudice plaintiffs."); *Royal Park Investments*, 941 F. Supp. 2d at 372 ("Courts have determined that such short delays caused by staying proceedings until the JPML decides whether to transfer a case usually do not prejudice the plaintiff."). Here, because the lawsuit is clearly related to the data security incident that Equifax announced on September 7, 2017, it is anticipated that the JPML will enter a conditional transfer order here, as it has in so many other cases with the same core operative facts.

There is no evidence that the JPML—which has promptly issued transfer-related decisions in *In re Equifax*—will delay its conditional or final determination about whether to transfer Plaintiff's case to the MDL transferee court. Nor would any delay that might result from a stay be prejudicial; this case is currently in the early pleadings stage, and any issues Plaintiff raises with this Court could be appropriately addressed in the MDL if the case is ultimately transferred.

Moreover, the possibility of a slight delay for Plaintiff is far outweighed by the prejudice Equifax will face if the proceedings in Plaintiff's case are not stayed pending the JPML's final transfer decision. Denying a stay would potentially subject Equifax to the significant burden of duplicative litigation and inconsistent decisions. *Royal Park Investments*, 941 F. Supp. 2d at 373 ("Rather than have the potential for inconsistent decisions on the common issue underlying multiple motions to remand, these actions should be stayed pending action on the transfer to

4

the MDL.") (internal quotation omitted); *Ritchie Capital Mgmt*, 87 F. Supp. 3d at 471 (staying case pending JPML decision where plaintiff would "potentially face duplicative proceedings and inconsistent or inefficient discovery regimes."). Absent a stay, there is a significant risk of additional discovery or motion practice that could create duplicative and potentially inconsistent obligations for Equifax. Requiring Equifax to litigate the same issues in this Court that will be litigated in the *In re Equifax* MDL will in all likelihood present a burden outweighing the brief delay that Plaintiff potentially faces.

The interest of the Court and the public in efficiency and conservation of judicial resources also weighs in favor of granting a stay. Courts in this circuit have recognized that "stays pending transfer will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice." *Royal Park.*, 941 F. Supp. 2d at 373 (S.D.N.Y. 2013) (citing *North v. Merck & Co.*, No. 05-CV-6475L, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005)); *Ritchie Capital Mgmt.*, 87 F. Supp. 3d 463, 471 ("Most notably, a stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer.").

Granting a stay pending JPML action would be consistent with this and other circuits' practices. "The Court has discretion to enter a stay pending a decision by the MDL Panel on the motion to transfer." *Labrecque v. Johnson & Johnson*, No. 3:15-CV-1141 (RNC), 2015 WL 5824724, at *2 (D. Conn. Oct. 2, 2015) (citing *In re Ivy*, 901 F.2d at 9, and *Royal Park Investments*, 941 F. Supp. 2d at 369-

5

71); *accord, Ritchie Capital Mgmt*, 87 F. Supp. 3d at 471. Courts in other circuits have held similarly. *See, e.g., Fowler v. Hamilton Med. Ctr., Inc.*, No. 4:08-CV-0055-HLM, 2008 WL 11336192, at *2 (N.D. Ga. May 7, 2008) ("[C]ourts frequently grant stays pending transfer decisions by the JPML to avoid duplicative efforts and to promote judicial economy"); *Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (granting stay pending MDL Panel's determination on transfer); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending decision by MDL Panel because "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel").

For these reasons, courts routinely stay proceedings pending a JPML transfer decision. Indeed, federal courts nationwide have already granted numerous motions to stay filed by Equifax on similar grounds in related cases. *See, e.g., Bass v. Equifax Inc.*, 4:19-cv-00452-ALM-CAN, Dkt. 8 (E.D. Tex. Aug. 30, 2019); *Williams v. Equifax Inc.*, 1:19-CV-00622, Dkt. 9 (S.D. Ohio Aug. 30, 2019); *Khalaf v. Equifax Inc.*, 1:19-c-06268, Dkt. 11 (S.D.N.Y. Aug. 8, 2019); *Eustice v. Equifax, Inc.*, 4:19-cv-02249, Dkt. 8 (S.D. Tex. July 2, 2019); *Eustice v. Equifax, Inc.*, 4:19-cv-02248, Dkt. 9 (S.D. Tex. July 2, 2019); *Shack v. Equifax Inc.*, 1:19-cv-02622, Dkt. 13 (N.D. Ill. May 23, 2019); *Joshpe v. Equifax Information Services, LLC*, 1:19-cv-03146-ER, Dkt. 8 (S.D.N.Y. May 6, 2019); *Ziegeler v. Equifax Inc.*, 6:19-cv-00260-ADA-JCM, Dkt. 5 (S.D. Tex. Apr. 22, 2019); *Burns v. Equifax Inc.*, 19-cv-851-NEV-TNL, Dkt. 8 (D. Minn. Apr. 24, 2019); *Luciano v. Equifax Information Services LLC*, 1:18-cv-00437-

MKB-LB (E.D.N.Y. Apr. 17, 2019); *Dreni v. Equifax Credit Information Services*, 2:18-cv-00770, Dkt. 8 (M.D. Fla. December 10, 2018); *Smith v. Equifax Inc.*, 2:18-cv-01147, Dkt. 34 (N.D. Ala. Dec. 7, 2018); *Link v. Equifax Credit Information Services*, 2:18-cv-04070, Dkt. 15 (D. Ariz. Dec. 4, 2018); *Bordelon v. Equifax Information Services, LLC*, 6:18-cv-01137 (W.D. La. Sept. 10, 2018); *Brown v. Equifax Information Services, LLC*, 6:18-cv-01162, Dkt. 7 (M.D. Fla. July 26, 2018); *Janet Kerobyan v. Equifax Inc.*, 2:18-cv-05401, Dkt. 19 (C.D. Cal. July 24, 2018); *Cowherd v. Equifax Inc.*, 4:18-cv-02230, Minute Entry (S.D. Tex. July 24, 2018); *Iraheta v. Equifax Information Services LLC*, 5:17-cv-01363-EEF-KLH, Dkt. 139 (W.D. La. July 10, 2018); *Bishop v. Equifax Inc.*, 4:18-cv-02079, Dkt. 7 (S.D. Tex. July 5, 2018); *Wilhite v. Equifax Inc.*, 4:18-cv-02080, Dkt. 5 (S.D. Tex. June 29, 2018); *Frank v. Equifax Info. Svcs*, 1:18-cv-03913, Dkt. 7 (S.D.N.Y. May 8, 2018); *Morgan v. Equifax Inc.*, 3:18-cv-00173, Dkt. 9 (E.D. Va. April 23, 2018); *Walton v. Equifax Inc.*, 1:18-cv-00225-SEB-DLP, Dkt. 14 (S.D. Ind. April 10, 2018); *Acosta-Smith v. Equifax Inc.*, 8:18-cv-00005, Dkt. 23 (C.D. Cal. March 5, 2018); *Strange v. Equifax Inc.*, 5:17-cv-01615-SMH-KLH, Dkt. 12 (W.D. La. Jan. 23, 2018); *Abramson v. Equifax Inc.*, 8:17-cv-02201, Dkt. 10 (C.D. Cal. Jan. 3, 2018); *Tirelli v. Equifax Info. Servs., LLC*, 7:17-cv-06868, Dkt. 12 (S.D.N.Y. Oct. 10, 2017); *Avise v. Equifax, Inc.*, 17-01563-JAK, Dkt. 14 (C.D. Cal. Oct. 3, 2017); *Knepper v. Equifax Info. Servs., LLC*, 2:17-cv-02368-KJD-CWH, Dkt. 39 (D. Nev. Oct. 2, 2017). Other related cases have been stayed by *sua sponte* order pending the JPML's ruling on transfer. *See, e.g., Geller v. Equifax, Inc.*, 17-CV-81056-RLR, Dkt. 5 (S.D. Fla. Oct. 3, 2017).

## CONCLUSION

Accordingly, to promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to both Equifax and Plaintiff, Equifax respectfully requests that this Court stay all proceedings and deadlines pending the JPML's final transfer determination. Alternatively, Equifax requests a 30-day extension of time to respond to the Complaint.

DEFENDANT
EQUIFAX INC.


By: /s/ *Eric D. Daniels*
Eric D. Daniels (ct01582)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Phone: 860-275-8200
Fax: 860-275-8299
edaniels@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2019 a copy of the foregoing Notice of Appearance was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's EM/ECF System.

By: /s/ Eric D. Daniels  
Eric D. Daniels